V. James DeSimone (SBN: 119668)
Carmen D. Sabater  (SBN: 303546)
Pooja K. Sharma (SBN: 326273) Of-Counsel
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880

Attorneys for PLAINTIFF,
BELEN RIVAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELEN RIVAS,<br><br>          PLAINTIFF,<br><br>          v.<br><br>CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE, in his individual and official capacity; and DOES 1-100 inclusive,<br><br>          DEFENDANTS. | Case No: 2:21-cv-2440<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **First and Fourth Amendment Violation (42 U.S.C. 1983)**<br>2. **Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**<br>3. **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br>4. **Violation of Bane Civil Rights Act (Civil Code § 52.1)**<br>5. **Assault and Battery**<br>6. **Negligence**<br>7. **Intentional Infliction of Emotional Distress**<br>8. **Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

1
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Pooja K. Sharma, Esq

PLAINTIFF, BELEN RIVAS (hereinafter "PLAINTIFF" or "Ms. RIVAS"), for her complaint against DEFENDANTS CITY OF LOS ANGELES (hereinafter "CITY OF LOS ANGELES" or "CITY"), Police Chief MICHEL MOORE (hereinafter "MOORE"), and DOES 1-100 (hereinafter collectively DEFENDANTS), inclusive, alleges as follows:

## NATURE OF ACTION

1.     This civil rights action seeks compensatory damages against DEFENDANTS and punitive damages only from DEFENDANTS MOORE and DOES 1-100 for violating various rights under the United States Constitution and state law in connection with officers' unjustified assault and use of excessive force of BELEN RIVAS by DEFENDANT DOES 1-100 of the Los Angeles Police Department (hereinafter "LAPD").

2.     This action arises out of protests across the United States and other nations following the murder of George Floyd by officers with the Minneapolis Police Department.  After the deaths of Breonna Taylor and Ahmaud Arbery and others, hundreds of thousands of people around the country and globe simultaneously expressed the collective condemnation for the deaths of Black, Indigenous and People of Color (hereinafter "BIPOC") men and women at the hands of law enforcement and vigilantes condoned by local law enforcement and their support for the Black Lives Matter movement.  Large demonstrations occurred in the Los Angeles area, and the vast majority of the participants were peaceful, principled individuals exercising their First Amendment Right to assemble to seek redress for grievances. Over the course of approximately a week, the Los Angeles Police Department arrested more than 2600 individuals engaged in peaceful protest, recklessly shot directly at unarmed and peaceful citizens with less lethal rubber bullets, tear gas bombs, and pepper spray projectiles, , thereby using excessive and unreasonable force causing injury and harm to law abiding protestors.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                          Carmen D. Sabater, Esq.
                                                                                 Pooja K. Sharma, Esq

3.     The CITY OF LOS ANGELES has been repeatedly sued for the tactics the LAPD engaged in over the course of the above-mentioned arrests.  The LAPD used, excessive force with reckless operation of police armament including, but not limited to, tear gas bombs, rubber bullets, and other less-lethal projectiles and neglected to provide care for injured citizens. By violently and with reckless disregard for the safety of citizens firing projectiles and tear gas bombs into a crowd of unarmed and peaceful protestors, including PLAINTIFF, DEFENDANTS violated Ms. RIVAS's rights under the United States and California Constitution.

4.     DEFENDANTS DOES 1-100 are directly liable for PLAINTIFF's injuries under state law pursuant to California Government Code § 820.

5.     DEFENDANTS, CITY OF LOS ANGELES, MOORE, and DOES 1-100 also proximately caused Ms. RIVAS's injuries and are liable under state law pursuant to California Government code §§ 815.2 and 820.

6.     DEFENDANTS DOES 1-100 ("DOE OFFICERS") are directly liable for PLAINTIFF's injuries under federal law pursuant to 42 U.S.C. § 1983.

7.     DEFENDANTS, CITY, and DOES 1-100 also proximately caused PLAINTIFF's injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

8.     DEFENDANT CITY OF LOS ANGELES ("CITY") by summarily rejecting Ms. RIVAS's Claim for Damages, have proven unwilling to accept responsibility for the wrong committed by their officers. The CITY continues to violate citizens' rights by ignoring the allegations and preventing these incidents from happening.

9.     The policies and customs behind assaulting peacefully protesting civilians such as BELEN RIVAS are fundamentally unconstitutional and constitute a menace of major proportions to the public.  Accordingly, insofar as BELEN RIVAS herein seeks by means of this action to hold accountable those responsible for the unjustified assault, use of force, and failure to provide proper emergency

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*
Case No.:  2:21-cv-2440

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Pooja K. Sharma, Esq

1  care of BELEN RIVAS.

2  **PARTIES AND THEIR AGENTS**

3  10.    PLAINTIFF BELEN RIVAS is a twenty-six  year-old Latina woman,

4  and at all times mentioned in this Complaint was a resident of the County of Los

5  Angeles, California.

6  11.    PLAINTIFF is informed and believed DOES 1-100 are individuals

7  living in the County of Los Angeles, California.  At all relevant times, DOES 1-100

8  were public employees and agents of DEFENDANT CITY OF LOS ANGELES

9  and were acting with the course and scope of their respective duties as police

10  officers and with complete authority and ratification of their principal

11  DEFENDANT CITY OF LOS ANGELES.

12  12.    At all relevant times, DEFENDANTS DOES 1-100 were duly

13  appointed officers and/or employees or agents of the CITY OF LOS ANGELES

14  subject to oversight and supervision by CITY OF LOS ANGELES' elected and

15  non-elected officials.

16  13.    PLAINTIFF is informed and believes, and thereon alleges, that DOES

17  1-100 were agents, servants, and employees of DEFENDANT CITY OF LOS

18  ANGELES and/or the LAPD.  PLAINTIFF is ignorant of the true names and

19  capacities of DEFENDANTS sued herein as DOES 1-100, inclusive, and therefore

20  sue these DEFENDANTS by such fictitious names.  PLAINTIFF will amend this

21  Complaint to allege their true names and capacities when ascertained. As such, the

22  individual DOE DEFENDANTS are sued in both their individual and official

23  capacities.

24  14.    In doing the acts and failing and omitting to act as hereinafter

25  described, DEFENDANTS DOES 1-100 were acting on the implied and actual

26  permission and consent of CITY OF LOS ANGELES and MOORE.

27  15.    DEFENDANT CITY OF LOS ANGELES is a municipal corporation

28  duly organized and existing under the Constitution and laws of the State of

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

California. LAPD is a local government entity and an agency of CITY OF LOS ANGELES, and all actions of the LAPD are the legal responsibility of the CITY OF LOS ANGELES. The CITY OF LOS ANGELES is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF's federal rights claims.

16.    DEFENDANT MICHEL MOORE is, and was, at all times relevant to this action, the LAPD police chief and a policymaker for his department.  He is sued in both his individual and official capacities.

17.    All DEFENDANTS who are natural persons, including DOES 1-100, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY OF LOS ANGELES.

18.    DEFENDANTS are liable for PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*.  Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

19.    At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEFENDANT herein.

20.    On or around August 7, 2020, PLAINTIFF filed comprehensive and timely claims for damages in accordance with Government Code §§ 910 and 911.2.

21.    PLAINTIFF's claim for damages submitted to CITY OF LOS ANGELES on or around August 7, 2020, was rejected on or around September 24, 2020, thus providing six (6) months from delivery to file a court action which is satisfied upon filing of the present action.

22.    Finally, at all relevant times mentioned herein, all DEFENDANTS acted as agents of all other DEFENDANTS in committing the acts alleged herein.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Rivas v. City of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                           Carmen D. Sabater, Esq.
                                                            Pooja K. Sharma, Esq

**JURISDICTION AND VENUE**

23.   This Court has subject matter jurisdiction over the PLAINTIFF's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).   This Court has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

24.   Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein occurred in the Central District of California.

**FACTS COMMON TO ALL CAUSES OF ACTION**

25.   On May 30, 2020, Ms. RIVAS gathered as part of a peaceful protest in or around the intersection of Beverly Boulevard ("Beverly Blvd.") and North Curson Avenue ("N. Curson Ave."), Los Angeles, California, in a display of support for Black Lives Matter and the families and memory of BIPOC deaths at the hands of law enforcement, in particular George Floyd.

26.   On May 25, 2020, Minneapolis Police Officer Derek Chauvin, along with two other officers, held George Floyd on the ground, handcuffed behind his back, and ignored pleas to get off his neck, back and legs and let him breathe. Officer Chauvin kept his knee on Floyd's neck for 8 minutes, forty-six seconds.   As a result, Mr. Floyd died on the street in Minneapolis.

27.   Both the Minneapolis law enforcement and prosecutors as well as the public, concluded that George Floyd was the latest person to die at the hands of police because of deliberate and unlawful tactics of law enforcement largely because of extensive video by onlookers, security cameras, including police body cameras.

28.   In Los Angeles, tens of thousands of people participated in lawful and peaceful protest as part of an extraordinary reaction of protests across the country and around the world.   Individuals in the protests expressed their ideas in different

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                                  V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                                  Carmen D. Sabater, Esq.
                                                                                      Pooja K. Sharma, Esq

1 | forms.

2 |   29.   DEFENDANTS reacted to protests, regardless of form or application,

3 | by employing expansive curfews and arrests for allegedly failing to comply with

4 | curfews, failing to disperse, unlawful assembly, failure to follow a "lawful" order

5 | of an officer, and similar misdemeanors undermining the right to engage in

6 | protected expressive activity in public spaces.

7 |   30.   California Penal Code § 409, which defines an unlawful assembly, has

8 | been repeatedly construed to require a showing of imminent violence that so

9 | permeates a lawful expressive activity that law enforcement may curtail the rights

10 | of all. In this instance, those facts did not exist.

11 |   31.   On or about May 30, 2020, Ms. RIVAS arrived at the intersection of

12 | Beverly Blvd. and N. Curson Ave. in Los Angeles to protest peacefully and record

13 | the event. Ms. Rivas gathered with other individuals to exercise her First

14 | Amendment Right by peacefully protesting at the aforementioned location.

15 |   32.   Ms. RIVAS knelt alongside other peaceful protestors on the street and

16 | chanted against police brutality. Prior to and during the demonstration, Ms. RIVAS

17 | did not hear nor was she made aware of any audible orders or commands to suggest

18 | that being out on the street exercising her First Amendment Right was unlawful.

19 |   33.   At or around approximately 6:00 PM, LAPD officers without issuing

20 | any commands or warnings, used excessive force, and recklessly deployed tear gas

21 | bombs and shot rubber bullets at law abiding protestors. There was no provocation

22 | done by Ms. RIVAS or the protestors. Prior to and/or during the officers' deliberate

23 | use of violent and excessive force upon Ms. RIVAS and the peaceful protestors, the

24 | officers were not confronted with any discernable threats, or provoked by any of

25 | the protestors, including Ms. RIVAS.

26 |   34.   While Ms. RIVAS was kneeling down recording a video of the

27 | incident with her phone, she saw something explode above her through her

28 | viewfinder. Instantly, she felt something strike her in the face and was in

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                          Carmen D. Sabater, Esq.
                                                 Pooja K. Sharma, Esq

excruciating pain. Ms. RIVAS states she felt like she was hit with a baseball bat on the left side of her nose. Ms. RIVAS felt an intense heat on her face. Ms. RIVAS in a daze, managed to take her mask off and saw blood and black and orange fragments all over her mask. Ms. RIVAS was terrified as she had  a shard of glass protruding from her nose, her eyes were burning, and she felt as if there was an object inside her eyes causing her eyes to water and blink.  As Ms. RIVAS bled profusely and began coughing up blood, another individual grabbed her arm and led her to someone with first aid equipment. LAPD officers never offered or attempted to provide medical care and/or assistance to the severely injured PLAINTIFF. However, Ms. RIVAS did receive emergency assistance from a person at the scene before being taken to Hollywood Presbyterian Hospital's Emergency Room (hereinafter "HP's ER") to receive further medical attention.

35.    As a result of the incident, Ms. RIVAS suffered from physical and internal injuries, including, but not limited to, broken bones, deep lacerations on her face, glass fragments in her nasal cavity and nose, severe pain, profuse bleeding and contusions. At HP's ER, Ms. RIVAS was diagnosed with an open nose fracture and had to obtain several stitches and have her nasal cavity cleaned by a surgeon to remove glass fragments. To date, Ms. RIVAS still experiences persistent headaches, nausea, difficulty focusing and comprehending, and disorientation daily. The impact from the LAPD officer's tear gas bomb violently striking Ms. RIVAS in her face has caused her severe facial wounds, and physical, psychological and emotional damage which is ongoing.

36.    LAPD officers' barbaric, reckless firing of tear gas bombs and rubber bullets at Ms. RIVAS' face resulted in life-long injuries to Ms. RIVAS, including facial scarring, nasal cavity scarring and function, and loss of pieces of bone in her nose. Ms. RIVAS' initial surgery on May 30, 2020 was to remove the foreign object protruding from her nose that required bone scrapping to remove embedded metal objects and medication to cope with the severe pain.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*
Case No.:  2:21-cv-2440

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Pooja K. Sharma, Esq

37.    Ms. RIVAS's pain and suffering continues and may worsen as time passes despite seeking further medical care, therapy and receiving medication. Ms. RIVAS' had another surgery on or about March 5, 2021 for invasive plastic surgery to remove the metal fragments in her nasal cavity necessitating the scraping away of bone in the nasal cavity causing severe pain and suffering. After her surgery, she was informed that prior to scrapping her nasal cavity, pieces of bone in her nasal cavity were missing that had been present before the incident on or about May 30, 2020. Ms. RIVAS will possibly need further surgeries, including plastic surgery in the future.   The surgery that scraped away part of her nasal cavity required prescriptions for pain medication and antibiotics. In addition, emotional harm including, but not limited to, loss of sleep, anxiety, depression, bouts of crying, and fear plague Ms. RIVAS.

38.    The CITY OF LOS ANGELES, through CHIEF MOORE and the LAPD, has failed to train its officers in the constitutional response to peaceful demonstrations as revealed by the above-described allegations.  DEFENDANTS have a custom of using excessive force against peaceful protestors, shooting less lethal projectiles, ramming police vehicles into people participating peacefully at lawful assemblies and applying policies and sanctioning actions that cause severe injury and permanent damage, without warning or command, based on reckless disregard for human life or specious group "suspicion."   The CITY OF LOS ANGELES has been aware of deficiencies in its training since at least 2000 followed by settlement agreements in June 2005 and June 2009 to revise policies and training.  Yet the unlawful crowd control, excessive use of force, *inter alia*, DEFENDANTS currently employ fail constitutional requirements.

///

///

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                                      V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                         Carmen D. Sabater, Esq.
                                                                                      Pooja K. Sharma, Esq

# FIRST CAUSE OF ACTION

## FIRST AND FOURTH AMENDMENT TO THE U.S. CONSTITUTION

## (42 U.S.C. § 1983)

## (AGAINST ALL DEFENDANTS)

39.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

40.     This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE, and DOES 1-100.

41.     DEFENDANT's conduct, described above, violated PLAINTIFF's rights to freedom of speech, assembly, and association under the First Amendment to the United States Constitution and her right to be free from unreasonable force under the Fourth Amendment to the United States Constitution. LAPD Officers firing of projectiles into a gathering of peaceful protestors acted with unreasonable and excessive force under the totality of the circumstances.

42.     When Ms. RIVAS stood near the intersection of Beverly Boulevard and North Curson Avenue in Los Angeles, LAPD officers used violent and excessive force against Ms. RIVAS who had arrived to protest peacefully and lawfully. While unprovoked, LAPD officers used excessive force when they wantonly and deliberately fired projectiles that violently struck Ms. RIVAS' face causing a severe nose fracture, lacerations and bleeding, which damaged her nose and nasal cavity, when attempting to exercise her First Amendment Rights.

43.     The DEFENDANTS employed the above-mentioned tactics without provocation or justification. On information and belief, the LAPD officers responsible for Ms. RIVAS' horrific injuries were not disciplined for the use of force on May 30, 2020 against PLAINTIFF.

44.     DEFENDANT CHIEF MOORE has failed to impose adequate discipline on their officers, including the responsible DEFENDANT OFFICER DOES, who committed these unlawful uses of excessive force with reckless

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*
Case No.:  2:21-cv-2440

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Pooja K. Sharma, Esq

1   disregard for human life and safety, creating a culture of impunity within the LAPD
2   that encourages such violence and incidents of unreasonable force against the
3   public.

4   45.   As a result of the unprovoked, unjustified and unreasonable use of
5   force against PLAINTIFF by DEFENDANT OFFICER DOES, PLAINTIFF
6   sustained injuries to her face and head, including a fracture to the bridge of her nose
7   and severe irritation to her eyes. PLAINTIFF also suffered, and continues to suffer,
8   from long lasting physical injuries and sickness, mental and emotional distress,
9   including, but not limited to, persistent headaches, nausea, facial scarring, loss of
10  nasal bone, nasal cavity scarring and function, disorientation on a daily basis as well
11  as pain, anguish, and psychological injury. PLAINTIFF has had to undergo multiple
12  surgeries, including invasive plastic surgery with the likelihood of future surgeries.
13  PLAINTIFF has also been prescribed pain medication and antibiotics to fight
14  infection as a result of DEFENDANT OFFICER DOES violating PLAINTIFF's
15  First Amendment rights.

16  **SECOND CAUSE OF ACTION**
17  **UNREASONABLE SEARCH AND SEIZURE – EXCESSIVE FORCE (42**
18  **U.S.C. § 1983)**
19  **(AGAINST ALL DEFENDANTS)**

20  46.   The allegations set forth in this complaint are hereby re-alleged and
21  incorporated by reference.

22  47.   DEFENDANT OFFICER DOES' unreasonable use of force against
23  PLAINTIFF, including, but not limited to, wantonly and deliberately firing
24  projectiles unprovoked that struck Ms. RIVAS' face causing a fracture on the bridge
25  of her nose, severe lacerations and bleeding, which damaged her nose and nasal
26  cavity, without any justification or prior warning or command, deprived
27  PLAINTIFF of her right to be secure in her person against unreasonable searches
28  and seizures as guaranteed to the PLAINTIFF under the Fourth Amendment to the

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                              V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                             Carmen D. Sabater, Esq.
                                                                   Pooja K. Sharma, Esq

United States Constitution and applied to state actors by the Fourteenth Amendment, and further deprived PLAINTIFF of due process as guaranteed to her under the Fourteenth Amendment to the United States Constitution.

48. As a result of the unprovoked, unjustified and unreasonable use of force against PLAINTIFF by DEFENDANT OFFICER DOES, PLAINTIFF sustained injuries to her face and head, including a fracture to the bridge of her nose and severe irritation to her eyes. Further, PLAINTIFF suffered, and continues to suffer from long lasting physical injuries and sickness, mental, and emotional distress, including, but not limited to, persistent headaches, nausea, facial scarring, loss of nasal bone, nasal cavity scarring and function, disorientation on a daily basis as well as pain, anguish, and psychological injury. PLAINTIFF has had to undergo multiple surgeries, including invasive plastic surgery with the likelihood of future surgeries. PLAINTIFF has also been prescribed pain medication and antibiotics as a result of DEFENDANT OFFICER DOES unprovoked, unjustified, and unreasonable use of force against PLAINTIFF.

49. PLAINTIFF was not armed, had committed no crime, did not fail to follow any warnings, commands, or orders, did nothing threatening, and posed no risk to DEFENDANT OFFICER DOES or any other person.

50. Given the officers' use of force against PLAINTIFF, DEFENDANT OFFICER DOES knew that failure to treat PLAINTIFF's medical condition could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing her great bodily harm and emotional distress.

51. DEFENDANT OFFICER DOES' actions thus deprived PLAINTIFF of her right to be free from unreasonable seizures and under the Fourteenth Amendment as applied to state actors by the Fourteenth Amendment.

52. The conduct of DEFENDANT OFFICER DOES was willful, wanton, malicious and done with reckless disregard for the rights and safety of PLAINTIFF

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                                          V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                          Carmen D. Sabater, Esq.
                                                                                        Pooja K. Sharma, Esq

1  and therefore warrants the imposition of exemplary and punitive damages against
2  DEFENDANT OFFICER DOES.

3      53.    As a result of the aforementioned excessive and unreasonable force,
4  PLAINTIFF was caused to suffer severe mental anguish and pain and has been
5  injured in mind and body. PLAINTIFF is also claiming medical expenses.

6      54.    Accordingly, DEFENDANTS are each liable to PLAINTIFF for
7  compensatory damages and DEFENDANT OFFICER DOES are liable for punitive
8  damages, under 42 U.S.C. § 1983. PLAINTIFF also seeks reasonable attorney's
9  fees under this claim.

10                            **THIRD CAUSE OF ACTION**

11  **MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR**
12                          **POLICY (42 U.S.C. § 1983)**
13                        **(AGAINST ALL DEFENDANTS)**

14      55.    The allegations set forth in this complaint are hereby re-alleged and
15  incorporated by reference.

16      56.    DEFENDANT OFFICER DOES' use of force against Ms. RIVAS on
17  May 30, 2020, who was unarmed, had committed no crime, and was peacefully
18  protesting was found to be within CITY Police Department Policy.

19      57.    Eyewitness accounts, video footage, and/or media coverage display
20  irrefutable evidence of the excessive force by DEFENDANTS when they recklessly
21  fired projectiles at Ms. RIVAS and other peaceful protestors with wanton disregard
22  on May 30, 2020.

23      58.    On information and belief, DEFENDANT OFFICER DOES were not
24  disciplined for the use of force and reckless disregard for human life and safety on
25  May 30, 2020.

26      59.    DEFENDANT CHIEF MOORE has failed to impose adequate
27  discipline on his officers, including DEFENDANT OFFICER DOES, who
28  committed unlawful uses of excessive force and reckless disregard for human life

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Rivas v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                   Carmen D. Sabater, Esq.
                                                         Pooja K. Sharma, Esq

and safety, creating a culture of impunity within the LAPD that encourages such violence and incidents of unreasonable force against the public. CHIEF MOORE's inadequate investigations and the failure to take appropriate corrective action that plagues the LAPD and causes a pattern, policy, and practice of tolerating and encouraging the use of excessive force and reckless disregard for human life and safety.

60.    Based on video footage and witnesses' accounts, DEFENDANT OFFICER DOES struck PLAINTIFF with projectiles firing wantonly and directly toward Ms. RIVAS while she participated in a lawful and peaceful gathering.

61.    On or around May 30, 2020, DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, DOE OFFICERS and DOE SUPERVISORS, deprived PLAINTIFF of the rights and liberties secured to her by the First and Fourth Amendments of the United States Constitution, in that said DEFENDANTS and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

    a.  Employing and retaining as police officers and other personnel, including DEFENDANT OFFICER DOES, who DEFENDANTS CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written CITY Police Department's policies, including the use of excessive force and reckless disregard for human life and safety;

    b.  Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other CITY personnel,

PLAINTIFF'S COMPLAINT FOR DAMAGES

including DEFENDANT OFFICER DOES, who DEFENDANTS CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANT OFFICER DOES, who are a CITY employees and police officers;

d. By failing to adequately train officers, including DEFENDANT OFFICER DOES, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

e. By failing to discipline CITY police officers' conduct, including DEFENDANT OFFICER DOES, for use of force and reckless disregard for human life and safety;

f. By ratifying the intentional misconduct of DEFENDANT OFFICER DOES and other police officers, who are police officers of the CITY, and commit unlawful use of force with reckless disregard for human life and safety;

g. By failing to properly investigate claims of reckless disregard for human life and safety and excessive force by CITY police officers, including DEFENDANT OFFICER DOES; and

h. By having and maintaining an unconstitutional custom and practice of reckless disregard for human life and safety, using excessive force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, which is also demonstrated by

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  inadequate training regarding these subjects.  The customs and
2  practices of CITY, DOE OFFICERS and DOE SUPERVISORS were
3  done with a deliberate indifference to individuals' safety and rights.

4  62.  By reason of the aforementioned policies and practices of
5  DEFENDANTS CITY, DEFENDANT CHIEF MOORE and DEFENDANTS
6  DOES, Ms. RIVAS was severely injured and subjected to physical pain and
7  suffering, and extreme and severe emotional distress.

8  63.  The aforementioned customs and practices of CITY were implemented
9  and/or maintained with deliberate indifference to individuals' safety and rights.

10  64.  DEFENDANTS CITY, DEFENDANT CHIEF MOORE and
11  DEFENDANTS DOES, together with various other officials, whether named or
12  unnamed, had either actual or constructive knowledge of the deficient policies,
13  practices and customs alleged in the paragraphs above. Despite having knowledge
14  as stated above, these DEFENDANTS condoned, tolerated and through actions and
15  inactions thereby ratified such policies. Said DEFENDANTs also acted with
16  deliberate indifference to the foreseeable effects and consequences of these policies
17  with respect to the constitutional rights of PLAINTIFF, and other individuals
18  similarly situation.

19  65.  By perpetuating, sanctioning, tolerating and ratifying the outrageous
20  conduct and other wrongful acts, DEFENDANTS CITY, DEFENDANT CHIEF
21  MOORE and DEFENDANT DOES acted with an intentional, reckless, and callous
22  disregard toward Ms. RIVAS, and of the constitutional as well as human rights of
23  PLAINTIFF. DEFENDANTS CITY, DEFENDANT CHIEF MOORE and
24  DEFENDANTS DOES and each of their actions were willful, wanton, oppressive,
25  malicious, fraudulent, and extremely offensive and unconscionable to any person
26  of normal sensibilities.

27  66.  Furthermore, the policies, practices, and customs implemented and
28  maintained and still tolerated by DEFENDANTS CITY, DEFENDANT CHIEF

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                           V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                          Carmen D. Sabater, Esq.
                                                                Pooja K. Sharma, Esq

MOORE and DEFENDANTS DOES were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

67.    Accordingly, DEFENDANTS CITY, DEFENDANT CHIEF MOORE and DEFENDANTS DOES each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

68.    On information and belief, the aforementioned acts were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to DEFENDANT CHIEF MOORE and DEFENDANTS DOES.

69.    Accordingly, DEFENDANTS are each liable to Plaintiff for compensatory damages and individual DEFENDANTS are liable for punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorneys' fees under this claim.

## THIRD CAUSE OF ACTION

### VIOLATION OF BANE ACT (CIVIL CODE § 52.1)

### (AGAINST ALL DEFENDANTS)

70.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

71.    This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE, and DOES 1-100.

72.    As alleged herein, DEFENDANTS DOES 1-100, CHIEF MICHEL MOORE, and CITY OF LOS ANGELES interfered by threats, intimidation, coercion, and/or violence with PLAINTIFF's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to free speech, freedom of assembly and freedom to redress grievances, the right to due process, and the right to bodily integrity and protection from bodily harm, including her rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and her rights under the First Amendment to

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                          V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                         Carmen D. Sabater, Esq.
                                                               Pooja K. Sharma, Esq

the United States Constitution and her rights under Article 1, Sections 1, 2, 3, 7 and/or 13 of the California Constitution.

73.    DEFENDANTS' conduct caused PLAINTIFF extreme physical injury with broken bones, sickness and pain, mental anguish, and emotional suffering and distress that required multiple surgeries, including invasive plastic surgery and medication for pain and antibiotics to fight infection and the possibility of further surgeries and medical procedures.

74.    As a result of their conduct, DEFENDANTS are liable for Ms. RIVAS' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

75.    As a direct and legal result of DEFENDANTS' acts and omissions, Ms. RIVAS suffered damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and costs of suit.

76.    PLAINTIFF is informed and believes, and thereon alleges, that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done with willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying the awarding of punitive and exemplary damages against all non-government entity defendants in an amount to be determined at time of trial.

77.    PLAINTIFF brings this claim seeking all damages allowed under state law. PLAINTIFF also seeks reasonable attorneys' fees under this claim.

///
///
///
///
///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                         Carmen D. Sabater, Esq.
                                                Pooja K. Sharma, Esq

## FOURTH CAUSE OF ACTION

## ASSAULT AND BATTERY (GOV. CODE § 820 and CALIFORNIA COMMON LAW)

## (AGAINST ALL DEFENDANTS)

78.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

79.     DEFENDANTS DOES 1-100 while working as Police Officers for the CITY Police Department and acting within the course and scope of their duties, wrongfully, unlawfully, intentionally, and violently assaulted and battered by recklessly firing tear gas bombs and rubber bullets and other projectiles striking Ms. RIVAS in the face causing serious injuries.

80.     DEFENDANTS DOES 1-100 had no legal justification for their actions, and DEFENDANTS DOES 1-100' use of force against Ms. RIVAS when LAPD officers used violent and excessive force against Ms. RIVAS who had arrived to protest peacefully and lawfully.  LAPD used excessive force when unjustifiably, wantonly and deliberately firing projectiles while carrying out their duty as officers and as CITY OF LOS ANGELES employees constituting an unreasonable use of force.

81.     DEFENDANTS DOES 1-100 also intentionally used unreasonable force against Ms. RIVAS, including, but not limited to, firing projectiles unprovoked that struck Ms. RIVAS's face causing a severe nose fracture, lacerations and bleeding, thereby suffering multiple immediate and long-lasting physical injuries including, but not limited to, facial scaring, nasal scaring and nasal cavity scaring and loss of function as well as mental and emotional distress when she posed no threat to the officers or anyone else.  DEFENDANTS left without providing or attempting to provide medical or emergency care for PLAINTIFF as she bled and cried for help with a foreign object protruding from her nasal bridge.

82.     As a direct and proximate result of DEFENDANTS' conduct as

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                                   Carmen D. Sabater, Esq.
                                                                         Pooja K. Sharma, Esq

alleged above, Ms. RIVAS was caused to suffer broken bones, severe pain and suffering that required multiple surgeries, including invasive plastic surgery and medication for pain and antibiotics to fight infection.

83.   LOS ANGELES CITY is vicariously liable for DEFENDANTS DOES' 1-100 wrongful acts pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

84.   PLAINTIFF is informed and believes and thereon alleges that the DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Ms. RIVAS, entitling Ms. RIVAS to an award of exemplary and punitive damages against all non-government entity defendants in an amount to be determined at time of trial.

85.   As a result of their conduct, DEFENDANTS are liable for Ms. RIVAS's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

86.   PLAINTIFF is seeking all damages allowed under this claim.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE (GOV. CODE § 820 and CALIFORNIA COMMON LAW) (AGAINST ALL DEFENDANTS)

87.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

88.   The actions of DEFENDANT DOES 1 -100 toward Ms. RIVAS were negligent and reckless, including, but not limited to:

    a.   The failure to properly and adequately assess the need to use excessive force against PLAINTIFF;

    b.   The failure to monitor and record any use of force by the CITY OF

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                              V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                        Carmen D. Sabater, Esq.
                                                              Pooja K. Sharma, Esq

LOS   ANGELES,   CHIEF   MICHEL   MOORE,   including DEFENDANTS DOES 1-100;

c.  The failure to monitor and record any injuries specifically caused by the use of force by the CITY OF LOS ANGELES, CHIEF MICHEL MOORE, including DEFENDANTS DOES 1-100;

d.  The negligent tactics and handling of the situation with PLAINTIFF;

e.  The negligent use of force against PLAINTIFF including, but not limited to, wantonly and deliberately firing projectiles unprovoked that struck Ms. RIVAS's face causing severe lacerations and bleeding suffering multiple immediate and long-lasting physical injuries including, but not limited to, facial scaring, nasal scaring and nasal cavity scaring and loss of function and mental and emotional distress, without any care from DEFENDANTS;

f.  The failure to properly train and supervise employees, both professional and non-professional, including DEFENDANTS DOES 1-100;

g.  The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Ms. RIVAS;

h.  The failure to provide prompt medical care to Ms. RIVAS; and

i.  The negligent handling of evidence and witnesses.

89.  As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering, both physically and emotionally.

90.  In addition, at the aforementioned date, time and place, DEFENDANTS negligently, carelessly and without reasonable care, assaulted and violently battered PLAINTIFF.

91.  CITY OF LOS ANGELES is vicariously liable for the wrongful acts

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

of DEFENDANTS pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.     The aforementioned acts and omissions of DEFENDANTS DOES 1-100 were committed by them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFF, with conscious disregard to her known rights and deliberate indifference to the risk of injury to PLAINTIFF. By reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, (except DEFENDANT CITY OF LOS ANGELES) in an amount as proved.

93.     DEFENDANTS CITY OF LOS ANGELES knew or reasonably should have known that DEFENDANTS DOES 1-100 would engage in such a violent misconduct against PLAINTIFF, during the course and scope of their employment, and that, as a direct and proximate result of those violations, PLAINTIFF would suffer injuries as alleged herein.

94.     DEFENDANTS had the authority to supervise, prohibit, control, and/or regulate DEFENDANT officers so as to prevent these acts and omissions from occurring.

95.     DEFENDANTS failed to exercise due care by hiring, retaining and failing to supervise, prohibit, control or regulate DEFENDANTS DOES 1-100.  As a direct and proximate result of DFEENDANTS' negligent hiring, retention and supervision, control and regulation of DEFENDANT officers, Ms. RIVAS has suffered and continues to suffer injuries entitling her to damages in amounts to be proven at trial.

96.     By the aforesaid acts and omissions of DEFENDANTS, and each of them, Ms. RIVAS has been directly and legally caused to suffer actual damages including, but not limited to, broken bones, extreme pain and suffering both with

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Rivas v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                   Carmen D. Sabater, Esq.
                                                         Pooja K. Sharma, Esq

1   regards to physical and mental suffering.

2       97.   As a further direct and legal result of the acts and conduct of

3   DEFENDANTS, and each of them, as aforesaid, Ms. RIVAS has been caused to

4   and did suffer and continues to suffer severe emotional and mental distress,

5   anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety,

6   psychological harm, persistent headaches, nausea, disorientation, facial and nasal

7   scaring, nasal cavity scaring, physical pain and suffering that required multiple

8   surgeries, including invasive plastic surgery and medication for pain and

9   antibiotics to fight infection.   The exact nature and extent of said injuries is

10  presently unknown to Ms. RIVAS. PLAINTIFF does not know at this time the

11  exact duration or permanence of said injuries but is informed and believes and

12  thereon alleges that some, if not all, of the injuries are reasonably certain to be

13  permanent in character.

14      98.   As a result of their conduct, DEFENDANTS are liable for Ms.

15  RIVAS's injuries, either because they were integral participants in the assault and

16  battery, or because they failed to intervene to prevent these violations, or under the

17  doctrine of *respondeat superior*.

18      99.   PLAINTIFF is informed and believes, and thereon alleges, that the

19  DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or

20  in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional,

21  oppressive and despicable conduct, and acted with willful and conscious disregard

22  of the rights, welfare and safety of Ms. RIVAS, thereby justifying the award of

23  exemplary damages and punitive damages against the individual defendants in an

24  amount to be determined at trial.

25      100.   PLAINTIFF is seeking all damages under this claim.

26  ///

27  ///

28  ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                   Carmen D. Sabater, Esq.
                                                         Pooja K. Sharma, Esq

**SIXTH CAUSE OF ACTION**

**INENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(AGAINST ALL DEFENDANTS)**

101.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

102.   DEFENDANTS DOES 1-100 conduct as described above was extreme and outrageous and was done with the intent of causing Ms. RIVAS to suffer emotional distress or with reckless disregard as to whether their conduct would cause her to suffer such distress.

103.   By the aforesaid acts and omissions of DEFENDANT officers, and each of them, Ms. RIVAS has been directly and legally caused to suffer actual damages including, but not limited to, broken bones, extreme pain and suffering both with regards to physical and mental suffering.

104.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Ms. RIVAS has been caused to and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, persistent headaches, nausea, disorientation, physical pain and suffering that required multiple surgeries, including invasive plastic surgery and medication for pain and antibiotics to fight infection and the possibility of future surgeries and medical care.  The exact nature and extent of said injuries is presently unknown to Ms. RIVAS.  PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

105.   As a result of their conduct, DEFENDANTS are liable for Ms. RIVAS's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the

24

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                  Carmen D. Sabater, Esq.
                                                        Pooja K. Sharma, Esq

1   doctrine of *respondeat superior*.

2   106.   PLAINTIFF is informed and believes, and thereon alleges, that the

3   DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or

4   in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional,

5   oppressive and despicable conduct, and acted with willful and conscious disregard

6   of the rights, welfare, and safety of Ms. RIVAS, thereby justifying the award of

7   exemplary damages and punitive damages against the individual defendants in an

8   amount to be determine at trial against individual DEFENDANTS.

9   **SEVENTH CAUSE OF ACTION**

10   **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

11   **(AGAINST ALL DEFENDANTS)**

12   107.   The allegations set forth in this complaint are hereby re-alleged and

13   incorporated by reference.

14   108.   In the alternative, DEFENDANTS DOES 1-100 conduct as described

15   above was done in a careless or negligent manner, without consideration for the

16   effect of such conduct upon Ms. RIVAS' emotional well-being.

17   109.   By the aforesaid acts and omissions of DEFENDANT officers, and

18   each of them, Ms. RIVAS has been directly and legally caused to suffer actual

19   damages including, but not limited to, broken bones, extreme pain and suffering

20   both with regards to physical and mental suffering.

21   110.   As a further direct and legal result of the acts and conduct of

22   DEFENDANTS, and each of them, as aforesaid, Ms. RIVAS has been caused to

23   and did suffer and continues to suffer physical pain and injury including, but not

24   limited to, facial scaring, nasal scaring and nasal cavity scaring and loss of function,

25   severe emotional and mental distress, anguish, humiliation, embarrassment, fright,

26   shock, pain, discomfort, anxiety, persistent headaches, nausea, disorientation,

27   physical pain and suffering that required multiple surgeries, including invasive

28   plastic surgery and medication for pain and antibiotics to fight infection. The exact

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Rivas v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                                   Carmen D. Sabater, Esq.
                                                                         Pooja K. Sharma, Esq

nature and extent of said injuries is presently unknown to Ms. RIVAS. PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

111. As a result of their conduct, DEFENDANTS are liable for Ms. RIVAS' injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

112. PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Ms. RIVAS, thereby justifying the award of exemplary damages and punitive damages against the individual defendants in an amount to be determine at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE, DOES 1-100, and each of them, as follows:

1.  For general economic and non-economic damages according to proof;
2.  For special damages according to proof;
3.  For punitive damages where allowed by law;
4.  For equitable relief;
5.  For prejudgment interest;
6.  For costs of suit incurred herein;
7.  For attorney's fees as allowed by law;
8.  For civil penalties as allowed by law;
9.  For such other and further relief as this Court deems just and proper,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                                            V. James DeSimone, Esq.
Case No.: 2:21-cv-2440                                                            Carmen D. Sabater, Esq.
                                                                                  Pooja K. Sharma, Esq

1    and appropriate.

2

3

4    Date: March 19, 2021                    **V. JAMES DESIMONE LAW**

5

6                                            By: /s/ *V. James DeSimone*
7                                                 V. JAMES DESIMONE, ESQ.
                                                  CARMEN SABATER, ESQ.
8                                                 POOJA SHARMA, ESQ.

9
                                                  Attorneys for PLAINTIFF,
10                                                BELEN RIVAS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Rivas v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                   Carmen D. Sabater, Esq.
                                                          Pooja K. Sharma, Esq

1

## **DEMAND FOR JURY TRIAL**

2    PLAINTIFF hereby demands a trial by jury.

3

4    Date: March 19, 2021                    **V. JAMES DESIMONE LAW**

5

6                                              By: /s/ *V. James DeSimone*

7                                                    V. JAMES DESIMONE, ESQ.
                                                     CARMEN SABATER, ESQ.
8                                                    POOJA SHARMA, ESQ.

9

10                                                   Attorneys for PLAINTIFF,
11                                                   BELEN RIVAS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rivas v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:  2:21-cv-2440                                   Carmen D. Sabater, Esq.
                                                          Pooja K. Sharma, Esq